■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SNYDER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered October 15, 1990, convicting him of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Evidence adduced at trial showed that the defendant struck his girlfriend in the head seven times with a hammer and left her lying on a rooftop in a pool of blood, after she had ended her relationship with him. When the police responded to the scene, she told them that the defendant had attacked her, and ten days later she signed a written statement again implicating the defendant. However, while recovering from her injuries, the complainant reunited with the defendant and thereafter gave exculpatory Grand Jury testimony. When called by the People at trial, she testified that in an attempt to dissuade the defendant from breaking up with her she pulled a knife on him and, in the ensuing struggle, fell and struck her head on the ground.

The defendant contends that the court erred in permitting the prosecutor to impeach the complainant's trial testimony with her prior written statement *(see,* CPL 60.35 [1]) since the prosecutor had advance warning that her trial testimony would be adverse to the People's case. Because the defendant failed to raise this argument at trial, it is unpreserved for appellate review *(see,* CPL 470.05 [2]), and we decline to reach it in the exercise of our interest of justice jurisdiction.

Contrary to the defendant's further contention, the court properly admitted into evidence photographs of the crime scene and the complainant's injuries. Although some of the photographs were graphic, they served to illustrate the testimony of the People's witnesses and tended to prove the People's theory that the defendant, not a fall, was the cause of the complainant's injuries *(see, People v Stevens,* 76 NY2d 833; *People v Bell,* 63 NY2d 796; *People v Pobliner,* 32 NY2d 356, *cert denied* 416 US 905; *People v Sims,* 110 AD2d 214).

Nor do we find error in the court's denial of the defendant's challenge for cause of a venireperson who indicated a disinclination to viewing actual fragments of the complainant's skull. The voir dire, viewed as whole, does not indicate that this potential juror had a state of mind likely to preclude her from rendering an impartial verdict (CPL 270.20 [1] [b]; *see, People v Williams,* 63 NY2d 882; *People v Torpey,* 63 NY2d 361).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Sullivan, J. P., Miller, Ritter and Pizzuto, JJ., concur.