■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY PETERKIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered April 2, 1991, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

After being surrounded and forced from his taxi at knifepoint, the complainant was brutalized by a lawless mob on a violent Halloween Eve in Mount Vernon. Consequently, the complainant suffered multiple stab wounds and, following the bloodletting, had a cinderblock heaved against his chest. The most serious stab wound was on the complainant's buttock, inflicted as he had reached back into his taxi to radio for

assistance. Although he admitted to not having seen the defendant actually plunge the knife into his posterior, the complainant wheeled around and observed, in a well-lit setting, the defendant with his hand on the knife futilely attempting to remove it from the complainant's body. After the complainant extracted the knife from his body and was thereupon struck with the cinderblock, the mob fled into the night. At the conclusion of his hospitalization, the complainant viewed over 200 photographs at police headquarters and identified the defendant as the individual who had stabbed him.

Contrary to the defendant's contention, the record is devoid of any indication that the photograph selected by the complainant had come from a criminal file which had been ordered sealed pursuant to CPL 160.50. In any event, even if the photograph had come from a sealed file, suppression of the complainant's identification testimony would not be warranted (see, People v Patterson, 78 NY2d 711, 714).

The defendant's challenge to the credibility of the complainant is similarily unavailing. Although inconsistencies within the complainant's testimony were brought out at the trial, it is axiomatic that the resolution of credibility issues, as well as the weight to be accorded the evidence presented, is primarily to be determined by the jury, which saw and heard the complainant testify (see, People v Gaimari, 176 NY 84, 94). In addition, it is abundantly clear that the jury deemed the alibi witnesses' testimony insufficient to overcome the identification testimony of the complainant. The jury's determination of these issues should be accorded great weight on appeal and should not be disturbed unless clearly unsupported in the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

With respect to the defendant's contention that the prosecutor's summation comments deprived him of a fair trial, we find that his claims are either unpreserved for appellate review (see, People v Balls, 69 NY2d 641), or without merit (see, People v Rosario, 151 AD2d 517). Sullivan, J. P., Miller and Ritter, JJ., concur.

Rosenblatt, J., dissents and votes to reverse the judgment, on the facts, and to dismiss the indictment, with the following memorandum: The complainant's testimony was disturbingly uneven in identifying the defendant as the person who stabbed him. Under the circumstances, and although the

evidence could technically make out a legal case, I would reverse the judgment of conviction and dismiss the indictment on the facts *(see,* CPL 470.15 [3] [c]; *People v Crudup,* 100 AD2d 938; *People v McCann,* 90 AD2d 554; *People v Kidd,* 76 AD2d 665).

The complainant, a taxicab driver, was attacked by a group of approximately 15 males who surrounded his cab. During the attack, he was stabbed in the buttocks. The complainant later picked the defendant's photograph from an array of about 200 photographs at police headquarters, and identified the defendant as the person who stabbed him.

At the trial, the complainant testified that he could identify his attacker and that he remembered his attacker's face. He also testified that he knew who stabbed him because he saw the defendant's hand on the knife, trying to pull it out of his buttocks.

However, at a pre-trial *Wade* hearing, the complainant had testified that "I cannot distinguish who hit me with what". He also testified that "When I felt the pain and I was trying to pull the knife out, he could not, I tried to pull the knife out, I was in so much pain that I could not fix my eyes on someone's face", and that "The knife I took out myself and I cannot insist that I know who sticked me with the knife".

In addition to the uncertainties in the complainant's testimony and perhaps rendering them more troublesome, is the curious and unexplained absence of a live lineup. The complainant never identified the defendant in person as his attacker until the trial, approximately 16 months after the crime, when the defendant was at the defense table. Under these circumstances, I believe the risk of misidentification is too great to allow the conviction to stand *(see, People v Crum,* 272 NY 348).