■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMIDES ARIAS, Appellant. [601 NYS2d 807] —Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered July 16, 1987, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention on appeal, the Supreme Court did not err in failing to charge assault in the third degree as a lesser-included offense of intentional murder. There is no reasonable view of the evidence which would permit a finding that the defendant intended to and did cause only physical injury to the victim rather than the victim's death. We also note that the record indicates that the defendant's request for a lesser-included offense charge was made with respect to another count of the indictment *(see,* CPL 300.50 [2]; *People v Handy,* 123 AD2d 398, 399). In any event, the issue is academic since the defendant was acquitted of intentional murder.

The defendant was not denied his right to a public trial by the closing of the courtroom during the jury instructions, since the trial court sought only to prevent distractions by tardy spectators *(see, People v Colon,* 71 NY2d 410, 418).

We find no merit to the defendant's contentions that the trial court erred in admitting into evidence the videotape of the defendant's statement *(see, People v McGee,* 49 NY2d 48, 60; *People v Fondal,* 154 AD2d 476; *People v Kent,* 143 AD2d 278) and the photograph of the murder victim *(see, People v Wood,* 79 NY2d 958, 960; *People v Snyder,* 189 AD2d 836; *People v Ericsen,* 186 AD2d 219). Thompson, J. P., Bracken, Balletta and Eiber, JJ., concur.