■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAIVARD DELLEMAND, Appellant. [613 NYS2d 195] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Huttner, J.), rendered September 11, 1990, as amended January 9, 1991, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence adduced at the trial was legally insufficient to establish his guilt of depraved indifference murder (see, Penal Law § 125.25 [2]) is unpreserved for appellate review (see, CPL 470.05 [2]; *People v Udzinski*, 146 AD2d 245). In any event, viewing the evidence adduced at the trial in the light most favorable to the prosecution (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of depraved indifference murder beyond a reasonable doubt (see, *People v Roe*, 74 NY2d 20, 25; *People v Guetis*, 189 AD2d 692). The defendant, sitting approximately 10 feet away from the victim, aimed his gun at the victim's chest and pulled the trigger three times. The third time the defendant pulled the trigger, the gun fired a bullet into the victim's chest, causing the victim's death. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily issues to be determined by the jury, which saw and heard the witnesses (see, *People v Gaimari*, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless it is clearly unsupported by the record (see, *People v Garafolo*, 44 AD2d 86, 88).

Contrary to the defendant's contention, the court properly admitted into evidence two photographs, one depicting the victim's fully-clothed corpse at the crime scene, and the other depicting the fatal bullet wound to the victim's chest. The photographs were admitted to illustrate the testimony of the People's eyewitnesses and the testimony of the doctor who had performed the autopsy on the victim. There is no indication in the record that the photographs were admitted for the sole purpose of arousing the emotions of the jury (see, *People v Wood*, 79 NY2d 958, 960; *People v Pobliner*, 32 NY2d 356, 369, cert denied 416 US 905; see also, *People v Stevens*, 76 NY2d 833; *People v Ellwood*, 205 AD2d 553 [decided herewith]; *People v Snyder*, 189 AD2d 836; *People v Blagrove*, 183 AD2d 837, 838; *People v Cruz*, 176 AD2d 953).

Finally, the defendant's contention that the trial court erred when it refused to charge manslaughter in the second degree (see, Penal Law § 125.15 [1]) as a lesser-included offense of depraved indifference murder is without merit. No reasonable view of the evidence could support a conclusion that the defendant committed the lesser, but not the greater, offense (see, *People v Glover*, 57 NY2d 61; *People v Green*, 56 NY2d 427; see, e.g., *People v Perez*, 196 AD2d 781, 782). Rosenblatt, J. P., Miller, Lawrence and Florio, JJ., concur.