■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMY ELLWOOD, Appellant. [613 NYS2d 197] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered May 16, 1991, convicting her of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

After giving birth at home, the defendant placed her newborn baby in a towel and a plastic bag. The defendant subsequently placed the plastic bag containing the baby in a lake. At the trial, the parties stipulated that the baby was born alive. Although the defendant admitted placing the baby in the towel, the plastic bag, and the lake, she claimed that she believed that the baby had been born dead.

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish her guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant also contends that she was excluded from a material stage of the trial when prospective jurors were examined, outside of her presence, regarding their general background and their knowledge of the case, as a result of pretrial publicity. In *People v Antommarchi* (80 NY2d 247) and *People v Sloan* (79 NY2d 386), the Court of Appeals held that such a procedure violated a defendant's right to be present at a material stage of the trial. However, the rule enunciated in *Antommarchi* and in *Sloan* is to be applied only prospectively *(see, People v Mitchell,* 80 NY2d 519; *People v Hannigan,* 193 AD2d 8). In the present case, jury selection occurred in March 1991, prior to both *Antommarchi* and *Sloan.* Thus, reversal on that ground is not required.

In addition, there is no merit to the defendant's contention that she was excluded from a material stage of the trial when counsel exercised their challenges to the jury in chambers, outside of her presence. Although counsel initially advised the court of their challenges when the defendant was not present, the challenges were eventually given effect in her presence when challenged jurors were excused and others were sworn

in open court *(see, People v Cohen,* 201 AD2d 494; *People v Melendez,* 182 AD2d 644).

Further, the trial court properly admitted the photographs depicting the deceased infant. Photographs of victims may be admitted "to illustrate, elucidate or corroborate other evidence offered or to be offered at trial" *(People v Stevens,* 76 NY2d 833, 835). In the present case, the photographs were admitted to illustrate the medical examiner's testimony and to corroborate the testimony of other prosecution witnesses. Thus, we cannot conclude that the trial court improvidently exercised its discretion in admitting the photographs into evidence.

The defendant's remaining contentions are either unpreserved for appellate review or are without merit. Mangano, P. J., Bracken, Pizzuto and Hart, JJ., concur.