■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO PONCE, Appellant. [624 NYS2d 283] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered September 29, 1993, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court properly admitted into evidence photographs which depicted the victim's burn injuries approximately one month after the incident. The photographs were admitted to illustrate the extent of the victim's injuries and thereby aid in establishing the defendant's intent when he inflicted those injuries. The photographs also corroborated the testimony of the medical expert. There is no indication in the record that the photographs were admitted for the sole purpose of arousing the emotions of the jury *(see, People v Wood,* 79 NY2d 958; *People v Stevens,* 76 NY2d 833; *People v Dellemand,* 205 AD2d 551; *People v Harrison,* 207 AD2d 359).

Furthermore, there is no merit to the defendant's contention that he was denied his rights to confrontation, to effective cross-examination, and to present a defense by the trial court's limiting the scope and extent of cross-examination of a prosecution witness. While the defendant asserts that the witness previously made an impeachable statement, there is nothing in the record to support this conclusion. Therefore,

the trial court properly exercised its discretion to limit the scope of cross-examination in relation to the credibility and accuracy of a witness *(People v Duncan,* 46 NY2d 74, *cert denied* 442 US 910).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Lawrence and Florio, JJ., concur.