■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN PETTEYS, Appellant. [636 NYS2d 501] —Mercure, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered October 28, 1994, upon a verdict convicting defendant of the crime of assault in the third degree.

Defendant was indicted for sodomy in the first degree, aggravated sexual abuse in the second degree, sexual abuse in the first degree and assault in the third degree as the result of a June 6, 1993 incident in which defendant is alleged to have pinned his former girlfriend down with his body, forced his hand into her vagina, pried her mouth open and placed his penis inside it and repeatedly smashed and slammed her head on the floor. Following a jury trial, defendant was found guilty of the assault charge but acquitted of the others. He now appeals, primarily attacking the sufficiency of the trial evidence as it related to the element of "physical injury" (Penal Law § 120.00 [1]), statutorily defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]).

We conclude that, viewing the evidence in a light most favor-

able to the People, the evidence of physical injury is legally sufficient to support defendant's conviction (*see, People v Contes*, 60 NY2d 620; *People v Messier*, 191 AD2d 819, 821, *lv denied* 81 NY2d 1017; *People v Brooks*, 155 AD2d 680, 681-682, *lv denied* 76 NY2d 731; *People v Harper*, 145 AD2d 933, 933-934; *People v Bouyea*, 142 AD2d 757, 757-758). Further, upon exercise of our factual review power (*see*, CPL 470.15 [5]), we find that the jury's verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). The victim testified that defendant was sitting on top of her "grabbing" her face, which hurt her, and was "smashing [her] head on the floor". She stated that "things kept coming in and out", although she was not sure if she lost consciousness. After the incident, the victim's face was covered with blood, there was a cut and bruises on her face, she was dizzy, her neck and the back of her head hurt, and she had "black eyes" for five weeks after the attack. In addition, the neighbors who assisted the victim after the incident testified that her face "was covered with dried, caked blood", that the victim "complained that her head and neck were hurting", prompting them to request that an ambulance be sent to the house, and that the victim's lip was bruised and swollen and she had bruises around her eyes. We note that the emergency room physician who treated the victim and the State Trooper who took her statement also confirmed the existence of bruises and swelling.

Nor are we persuaded that there was an improper variance between the indictment and the trial evidence relating to the charge of assault in the third degree. In our view, the indictment's recitation that defendant "did intentionally strike [the victim] about the head and body" provided defendant with ample notice of the theory advanced at trial that defendant inflicted the victim's injuries, at least in part, by slamming her head on the floor (*see, People v Wieber*, 202 AD2d 789, 791-792, *lv denied* 84 NY2d 834; *cf., People v Powell*, 153 AD2d 54, 56-57, *lv denied* 75 NY2d 969).

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Rensselaer County for further proceedings pursuant to CPL 460.50 (5).