■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND NAVARRO, Appellant. [645 NYS2d 62] —Appeal by the defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered November 30, 1992, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

Shortly after a robbery and homicide at a service station, detectives questioned the defendant, a former employee, at his parents' home, where he resided. Although at first cooperative, the defendant started yelling at the detectives to leave the house and he told his mother, *inter alia,* to call his father, "get [the detectives] out of here", and call a lawyer. The defendant picked up the kitchen table four or five times, said "it's time to kick somebody's ass", and accused the detectives of trying to "set [him] up" because he was on probation. The detectives calmed the defendant down, they shook hands, and the detectives left.

The detectives continued their investigation and, about 10 hours after their initial visit, they returned to the home of the defendant's parents and asked the defendant to accompany them to the police station. During this time the defendant had not retained an attorney.

At the station house, the defendant was advised of his *Miranda* rights, and both he and his father indicated they understood those rights by signing the card upon which they were printed. The People's witness testified that the defendant said he understood his rights and agreed to talk to the detectives without a lawyer, but that he would not do so in front of his father. The defendant's father testified that the defendant asked for an attorney after being advised of his rights. By all

accounts, the defendant's father was asked to leave, and the defendant gave an inculpatory statement to the police.

The hearing court properly determined that the defendant's statement to the police should not be suppressed. The defendant's statement to his mother to call a lawyer occurred during an outburst, in a noncustodial setting, and did not unequivocally inform the police of his intention to retain counsel (*see, People v Glover*, 87 NY2d 838; *People v Hicks*, 69 NY2d 969; *People v Rowell*, 59 NY2d 727; *People v Johnson*, 55 NY2d 931). Even if the statement were construed as the invocation of the right to counsel, the defendant thereafter waived his right by failing to retain counsel after the initial visit by the police (*see, People v Davis*, 75 NY2d 517). Moreover, the hearing court's determination that he was properly advised of his rights at the station house and that he voluntarily gave an inculpatory statement was supported by the record and should not be disturbed (*see, People v Gaimari*, 176 NY 84; *People v Garafolo*, 44 AD2d 86, 88).

Contrary to the defendant's contention, the admission into evidence of photographs of the deceased victim was not error, since their probative value outweighed any prejudicial effect they may have had (*see, People v Pobliner*, 32 NY2d 356; *People v Williams*, 214 AD2d 595; *People v Ellwood*, 205 AD2d 553; *People v Dellemand*, 205 AD2d 551).

To the extent the defendant is challenging the legal sufficiency of his convictions, his claim is unpreserved for appellate review (*see*, CPL 470.05 [2]; *People v Bynum*, 70 NY2d 858; *People v Udzinski*, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be unpreserved for appellate review or without merit. Miller, J. P., Ritter, Krausman and McGinity, JJ., concur.