■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO STITT, Appellant. [651 NYS2d 888] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Owens, J.), rendered April 13, 1994, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court, entered December 8, 1995, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and order are affirmed.

The defendant did not preserve for appellate review his claim that the People failed to adduce legally sufficient evidence of his intent to kill (see, CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19; People v Bynum, 70 NY2d 858, 859; People v Gomez, 67 NY2d 843, 844-845). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

Contrary to the defendant's claim, the court did give an expanded identification charge which, on the whole, gave the jury the appropriate rules to be applied in arriving at its decision (see, e.g., People v Canty, 60 NY2d 830; compare, People v Whalen, 59 NY2d 273, 278-279; People v Boykin, 197 AD2d 585). The court's charge on accomplice liability was proper, as it informed the jury that the defendant had to act with the requisite mental culpability for the commision of the crimes charged (see, Penal Law § 20.00; People v Jordan, 187 AD2d 731).

A review of the record as a whole reveals that the defendant received effective assistance of counsel (see, Strickland v Washington, 466 US 668, 692; People v Flores, 84 NY2d 184, 187; People v Garcia, 75 NY2d 973, 974; People v Dudley, 110 AD2d 652).

The defendant's remaining contentions are unpreserved for appellate review (CPL 470.05 [2]). Miller, J. P., Ritter, Pizzuto and Santucci, JJ., concur.