■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL DEBERRY, Appellant. [651 NYS2d 559] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered August 8, 1994, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Photographs of homicide victims are admissible to demonstrate the position of the victim's body or the placement of the victim's wound or wounds (*see, People v Pobliner*, 32 NY2d 356, 370). The disputed photographs tended to corroborate the testimony of the medical examiner regarding the placement of the gunshot wound. The fact that those photographs " 'portray a gruesome spectacle and [might have tended] to arouse passion and resentment against the defendant in the minds of the jury' " did not require their exclusion (*People v Pobliner, supra,*

at 369-370; *see, People v Wood,* 79 NY2d 958, 960). Weighing their probative value against the potential for prejudice, we find that the trial court did not improvidently exercise its discretion in admitting the photographs into evidence (*see, People v Ponce,* 213 AD2d 725; *People v Ellwood,* 205 AD2d 553, 554; *People v Dellemand,* 205 AD2d 551, 552).

The trial court correctly determined that ballistics evidence recovered from a person other than the victim was relevant and admissible to complete the narrative of the incident (*see, People v Gines,* 36 NY2d 932; *People v Johnson,* 210 AD2d 256). Further, the court gave appropriate limiting instructions.

The defendant's sentence is not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review (*see, People v Allen,* 86 NY2d 101; *People v Buckley,* 75 NY2d 843; *People v Balls,* 69 NY2d 641) or are without merit. Miller, J. P., Sullivan, Altman and Goldstein, JJ., concur.