THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL WOODY, Appellant. [660 NYS2d 31] —Appeal by the defendant from a judgment of the County Court, Nassau County (Palmieri, J.), rendered November 21, 1995, convicting him of attempted burglary in the first degree and criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant did not waive, as part of his general waiver of his right to appeal, his right to seek review of the denial of that branch of his omnibus motion which was to suppress statements made by him to law enforcement officials. The defendant was never informed at the plea allocution that his plea was conditioned upon his waiver of his statutory right to seek review of the suppression court's ruling (*see*, CPL 710.70 [2]; *People v Bryant*, 225 AD2d 786, 787; *People v Bray*, 154 AD2d 692, 693).

In any event, the County Court properly denied suppression of the defendant's statements. Contrary to the defendant's contention, the police entry into his home did not violate *New York v Payton* (445 US 573) warranting the suppression of his statements as the fruit of an unlawful entry (*see, People v Harris*, 77 NY2d 434). The court's determination that the defendant consented to the police entry into his home was amply supported by the record (*see, People v Murphy*, 55 NY2d 819, 820). Likewise, the court's finding that the defendant was not in custody at that time is also supported by the record (*see, People v Hicks*, 68 NY2d 234, 240; *People v Yukl*, 25 NY2d 585,

589). Further, the record amply supports the court's determination that the defendant's comment to his stepson did not constitute an "unequivocal" statement which effectively invoked his right to counsel prior to his being questioned by the police at the station house (*see, People v Hartley,* 65 NY2d 703; *People v Rowell,* 59 NY2d 727; *People v Navarro,* 229 AD2d 403.

The sentencing court's denial of the defendant's motion to withdraw his plea of guilty was not an improvident exercise of discretion (*see,* CPL 220.60 [3]; *People v Polite,* 235 AD2d 436; *People v McCaskell,* 206 AD2d 547, 548).

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]) or without merit. Bracken, J. P., Copertino, Santucci and McGinity, JJ., concur.