■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT D'LUCCA, Appellant. [674 NYS2d 47] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered December 19, 1994, convicting him of murder in the second degree (two counts) and attempted murder in the second degree (two counts), upon a jury verdict, and sentencing him to two consecutive terms of imprisonment of 25 years to life, respectively, on the convictions of murder in the second degree, and two consecutive terms of imprisonment of $12\frac{1}{2}$ to 25 years, respectively, on the convictions of attempted murder in the second degree.

Ordered that the judgment is modified, on the law, by reducing the minimum term of the sentences imposed upon the defendant's convictions of attempted murder in the second

degree from 12½ to 8⅓ years; as so modified, the judgment is affirmed.

The court did not improvidently exercise its discretion by permitting the prosecution to introduce into evidence photographs of the victims' car showing bullet holes, spent bullets, blood stains, and the covered bodies of the two shooting victims, since the photographs elucidated other relevant evidence, corroborated the testimony of other victims, and were not so graphic that their probative value was outweighed by any alleged prejudicial effect (*see, People v Wood*, 79 NY2d 958, 960; *see also, People v Pobliner*, 32 NY2d 356, 369).

Moreover, the court did not err in permitting the prosecution to elicit limited testimony from a witness regarding the defendant's prior, uncharged, drug-related activity, since the testimony showed the defendant's motive to commit the crime and completed the narrative (*see, People v Ventimiglia*, 52 NY2d 350, 359; *see also, People v Gines*, 36 NY2d 932; *People v Moore*, 213 AD2d 496; *People v Cain*, 193 AD2d 810).

However, the court did err in imposing, upon the defendant's convictions of attempted murder in the second degree, minimum terms of imprisonment that were one-half of the maximum terms. This was impermissible inasmuch as that crime is not an armed felony offense by definition (*see*, Penal Law § 70.02 [4]; §§ 110.00, 125.25; CPL 1.20 [41]; *see, People v Pride*, 173 AD2d 651; *see also, People v Bartlett*, 146 AD2d 705). Accordingly, the minimum terms of the sentences on the two convictions of attempted murder in the second degree must be reduced from 12½ to 8⅓ years. In all other respects, the defendant's sentence was proper (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit (*see, People v Udzinski*, 146 AD2d 245). Mangano, P. J., Rosenblatt, Pizzuto and Luciano, JJ., concur.