■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE LOUIS RANDOLPH, Appellant. [673 NYS2d 174] —Appeal by the defendant from a judgment of the County Court, Nassau County (Jonas, J.), rendered March 9, 1995, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (see, CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

There is no merit to the defendant's contention that the court did not properly respond to a jury question. The court meaningfully and adequately answered the jury's inquiry and did not err in declining to provide a supplemental instruction which went beyond the jury's request (*see, People v Almodovar,* 62 NY2d 126, 131-132).

The court did not improvidently exercise its discretion in admitting certain photographs of the deceased into evidence. The photographs were admissible to illustrate part of the crime scene and the medical examiner's testimony regarding the wound and cause of death. In addition, they were relevant to the issue of intent (*see, People v Pobliner,* 32 NY2d 356, 369-370, *cert denied* 416 US 905; *People v DeBerry,* 234 AD2d 470; *People v Washington,* 182 AD2d 791).

The defendant's ineffective assistance of counsel claim is likewise without merit. The record indicates that, on the whole, the defense counsel provided meaningful representation to the defendant (*see, People v Baldi,* 54 NY2d 137; *People v Stitt,* 234 AD2d 401).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Pizzuto, Altman and Friedmann, JJ., concur.