■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW ROBINSON, Appellant. [721 NYS2d 830] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered February 11, 1998, convicting him of robbery in the first degree (three counts) and criminal possession of stolen property in the fifth degree (three counts), upon a jury verdict, and imposing a sentence of (1) indeterminate terms of imprisonment of 11 to 22 years on each of his convictions of robbery in the first degree, to run consecutively to each other and (2) determinate terms of imprisonment of one year on each of his convictions of criminal possession of stolen property in the fifth degree, to run concurrently with each other and with the terms of imprisonment imposed on his convictions of robbery in the first degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by making the term of imprisonment imposed upon the conviction of robbery in the first degree under count six of the indictment run concurrently with the terms of imprisonment imposed upon the convictions of robbery in the first degree under counts four and five of the indictment; as so modified, the judgment is affirmed.

The defendant failed to preserve for appellate review his arguments regarding the prosecutor's summation. The defendant either did not object to the comments in question, made only general objections, or his objections were sustained without any request for further curative instructions or a timely motion for a mistrial (*see,* CPL 470.05 [2]; *People v Tevaha,* 84 NY2d 879; *People v Heide,* 84 NY2d 943; *People v Medina,* 53 NY2d 951; *People v Persaud,* 237 AD2d 538; *People v Bruen,* 136 AD2d 648, 649). In any event, the defendant's contentions are without merit and any alleged error was harmless in light of the overwhelming evidence of guilt (*see, People v Crimmins,* 36 NY2d 230, 241-242).

The sentence is modified to the extent indicated as a matter of discretion in the interest of justice (*see generally, People v McCoy,* 182 AD2d 713). S. Miller, J. P., Goldstein, H. Miller and Smith, JJ., concur.