■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINGO MOREL, Appellant. [747 NYS2d 553]

On the evening of October 9, 1997, the defendant and the victim argued over a parking space. After a physical altercation, the defendant retrieved a knife from the car he was driving and stabbed the victim in the chest, causing his death.

Since the defendant failed to object, raised only general objections, and did not ask for curative instructions or move for a mistrial based on the sustained objections, his claims of alleged improprieties in the prosecutor's cross-examination of him and in summation are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Heide,* 84 NY2d 943, 944; *People v Robinson,* 281 AD2d 564, 565; *People v Caicedo,* 173 AD2d 630; *People v Udzinski,* 146 AD2d 245).

Contrary to the defendant's contentions, the Supreme Court properly precluded statements he made to a police detective, which were hearsay (*see People v Reynoso,* 73 NY2d 816, 819; *People v Starostin,* 265 AD2d 267; *cf. People v Boyd,* 256 AD2d 350).

The Supreme Court providently exercised its discretion in admitting into evidence a photograph depicting the fatal wound. It was probative on the issue of the defendant's intent, and corroborated the medical examiner's testimony regarding the fatal wound (*see People v Wood,* 79 NY2d 958, 960; *People v Pobliner,* 32 NY2d 356, 370, *cert denied* 416 US 905; *People v Ponce,* 213 AD2d 725; *People v Kaiser,* 204 AD2d 572; *People v Washington,* 182 AD2d 791). Moreover, the Supreme Court instructed the jury to view the photograph in the context of the testimony of the medical examiner who identified the fatal wound in the photograph for the jury. Accordingly, the probative value of the photograph was not outweighed by its prejudicial effect (*see People v D'Lucca,* 243 AD2d 487, 488; *People v DeBerry,* 234 AD2d 470).

The sentence imposed was not excessive (*see People v Suitte,*

90 AD2d 80). Florio, J.P., S. Miller, Crane and Mastro, JJ., concur.