■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID L. MONROE, Appellant. [860 NYS2d 564]—

Appeal by the defendant from a judgment of the Supreme Court, Orange County (Bivona, J.), rendered August 28, 2007, convicting him of assault in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Contes,* 60 NY2d 620, 621 [1983]; *People v Hunt,* 13 AD3d 160, 160-161 [2004]; *People v Petteys,* 223 AD2d 992, 993 [1996]). Resolution of issues of credibility is primarily a matter to be determined by the trier of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Danielson,* 9 NY3d 342, 349 [2007]; *People v Romero,* 7 NY3d at 636; *People v Hunt,* 13 AD3d at 160-161).

To the extent that the defendant's claim of ineffective assistance of counsel involves matter dehors the record, namely, defense counsel's failure to offer a certain letter for admission into evidence, it may not be reviewed on direct appeal (*see People v Gillespie,* 36 AD3d 626, 627 [2007]; *People v Jackson,* 19 AD3d 614, 615 [2005]). Otherwise, defense counsel provided meaningful representation (*see People v Satterfield,* 66 NY2d 796, 798-799 [1985]; *People v Baldi,* 54 NY2d 137, 146-147 [1981]). Defense counsel prepared and pursued trial strategies and defense theories, presented a clear and cogent summation, and adequately cross-examined the People's witnesses to develop his

defense theories. Hindsight does not elevate counsel's unsuccessful trial strategies to ineffective assistance of counsel (*see People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Satterfield,* 66 NY2d at 798-799; *People v Baldi,* 54 NY2d at 146-147). Mastro, J.P., Skelos, Balkin and Leventhal, JJ., concur.