■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNA DASHOSH, Appellant. [873 NYS2d 730]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered December 4, 2007, convicting her of assault in the second degree and leaving the scene of an incident without reporting, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence supporting her conviction is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492-493 [2008]; *People v Finger*, 95 NY2d 894, 895 [2000]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant's contentions that the prosecutor's summation remarks and line of questioning during jury selection constituted reversible error because the prosecutor allegedly vouched for the credibility of witnesses, testified as an unsworn witness, shifted the burden of proof, and inflamed the jury, are unpreserved for appellate review because the defense made only a general objection, failed to request curative instructions, and did not timely move for a mistrial on these grounds (*see* CPL 470.05 [2]; *People v Balls*, 69 NY2d 641, 642 [1986]; *People v Salnave*, 41 AD3d 872, 874 [2007]; *People v Wright*, 5 AD3d 873, 875 [2004]). In any event, the prosecutor's questions during jury selection were not prejudicial or improper (*see People v Jean*, 75 NY2d 744, 745 [1989]). Moreover, the summation comments alleged to be prejudicial were all either fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105 [1976]), responsive to arguments and theories presented in the defense summation (*see People v Galloway*, 54 NY2d 396 [1981]; *People v Moore*, 29 AD3d 825, 825-826 [2006]), or harmless error (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Hill*, 286 AD2d 777, 778 [2001]).

To the extent that the defendant's claim of ineffective assistance of counsel involves matter dehors the record, namely, defense counsel's failure to offer a certain report for admission

into evidence and the reason for counsel's waiver of a *Huntley* hearing (*see People v Huntley*, 15 NY2d 72 [1965]), it may not be reviewed on direct appeal (*see People v Monroe*, 52 AD3d 623, 624 [2008]). To the extent that the claim may be reviewed, defense counsel provided meaningful representation (*see People v Satterfield*, 66 NY2d 796, 798-799 [1985]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]). Defense counsel prepared and pursued trial strategies and defense theories, presented a clear and cogent summation, and adequately cross-examined the People's witnesses to develop his defense theories. Hindsight does not elevate counsel's unsuccessful trial strategies to ineffective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Satterfield*, 66 NY2d at 798-799; *People v Baldi*, 54 NY2d at 146-147).

The defendant's claim that the court erred in ruling on the admissibility of her proffered expert testimony without holding a *Frye* hearing (*see Frye v United States*, 293 F 1013 [1923]) is unpreserved for appellate review, as the record demonstrates that defendant did not request such a hearing (*see People v Angelo*, 88 NY2d 217, 223 [1996]). In any event, because the defendant did not demonstrate that the findings of her proffered expert are generally accepted by the scientific community as reliable, the court did not err in excluding this testimony (*id.* at 223; *see People v Shedrick*, 66 NY2d 1015, 1018 [1985]; *Cumberbatch v Blanchette*, 35 AD3d 341, 342 [2006]).

The defendant's remaining contentions are without merit. Skelos, J.P., Ritter, Florio and Miller, JJ., concur.