■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHEEM THOMPSON, Appellant. [877 NYS2d 910]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered December 6, 2006, convicting him of assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371, 376 [1974]) struck an appropriate balance between the probative value of the defendant's prior convictions on the issue of his credibility and the possible prejudice to him (*see People v Mathis*, 55 AD3d 628 [2008]; *People v Harvey*, 50 AD3d 1058 [2008]).

The defendant's claims of alleged improprieties in the prosecutor's cross-examination of him and in summation are unpreserved for appellate review. The defendant either failed to raise an objection, made only general objections or, when an objection was sustained, failed to request further instructions or move for a mistrial (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Morel*, 297 AD2d 757 [2002]; *People v Robinson*, 281 AD2d 564, 565 [2001]). In any event, the defendant's contentions either are without merit or relate to harmless error (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Gill*, 54 AD3d 965, 965-966 [2008]; *People v Robinson*, 281 AD2d at 565).

The defendant's conviction of assault in the second degree and the sentence imposed thereon must be vacated and that count of the indictment dismissed, as it is an inclusory concurrent count of assault in the first degree (*see* CPL 300.30 [4]; 300.40 [3] [b]; Penal Law § 120.05 [1]; § 120.10 [1]; *People v LaConte*, 45 AD3d 699, 699-700 [2007]; *People v Soto*, 31 AD3d 793, 794 [2006]; *People v DeFreitas*, 19 AD3d 506, 507 [2005]). Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.