■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HEATHERINE TOMLINSON, Appellant. [887 NYS2d 862]—Appeal by the defendant from a judgment of the County Court, Orange County (Freehill, J.), rendered April 18, 2008, convicting her of forgery in the second degree (five counts), identity theft in the second degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claims of alleged improprieties in the prosecutor's cross-examination of a defense witness and in summation are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Thompson*, 62 AD3d 817, 818 [2009]; *see also People v Gray*, 86 NY2d 10, 19 [1995]). "The defendant either failed to raise an objection, made only general objections or, when an objection was sustained, failed to request further instructions or move for a mistrial" (*People v Thompson*, 62 AD3d at 818). In any event, the comments and questions complained of do not warrant reversal (*see People v Lewis*, 48 AD3d 483 [2008]; *People v Thompson*, 62 AD3d at 818).

To the extent that the defendant's claim of ineffective assistance of counsel involves matter dehors the record, it may not be reviewed on direct appeal (*see People v Dashosh*, 59 AD3d 731 [2009]; *People v Monroe*, 52 AD3d 623 [2008]). To the extent that this claim is reviewable on direct appeal, defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Dashosh*, 59 AD3d 731 [2009]; *People v Monroe*, 52 AD3d 623 [2008]). Defense counsel prepared and pursued trial strategies and defense theories, presented a clear and cogent opening and summation, and adequately cross-examined the People's witnesses. Hindsight does not elevate counsel's unsuccessful trial strategies to ineffective assistance of counsel (*see People v Dashosh*, 59 AD3d 731 [2009]; *People v Monroe*, 52 AD3d 623 [2008]). Dillon, J.P., Dickerson, Belen and Roman, JJ., concur.