Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Kase, J.), rendered April 27, 2009, convicting him of grand larceny in the third degree and offering a false instrument for filing in the first degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant was not entitled to specific performance of a plea agreement wherein the negotiated sentence was illegal. If an “unlawful sentence is the product of a negotiated plea agreement, and the sentencing court is unable to fulfill its sentence promise due to the illegality of that sentence, the appropriate remedy is to give the defendant the opportunity to either accept an amended lawful sentence or withdraw his plea of guilty and be restored to pre-plea status” (People v Hollis, 309 AD2d 764, 765 [2003]). Here, where the defendant successfully moved to withdraw his plea, he was afforded the remedy that he sought *685 and to which he was entitled, and has “waived the claim he now seeks to raise on appeal” (id. at 766).
The defendant failed to preserve his contention that the sentencing court coerced him into waiving his right to challenge his status as a second felony offender (see CPL 470.05 [2]; cf. People v Smith, 73 NY2d 961, 962-963 [1989]). In any event, the record belies any such claim.
Inasmuch as the defendant’s claim of ineffective assistance of counsel involves matter dehors the record, namely, defense counsel’s alleged failure to familiarize himself with the defendant’s own criminal record for the purposes of plea negotiations, it may not be reviewed on direct appeal (see People v Monroe, 52 AD3d 623 [2008]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 85-86 [1982]). Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.