■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUMBERTO CRUZ, Appellant. [6 NYS3d 644]—Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered April 14, 2010, convicting him of course of sexual conduct against a child in the first degree, criminal sexual act in the first degree, sexual abuse in the second degree, and endangering the welfare of a child (seven counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, a youth pastor at the Church of God in Newburgh, was accused of sexually abusing three boys who were students in the Sunday school class that he taught. The defendant's contention that the evidence at trial was legally insufficient to support his convictions of criminal sexual act in the first degree and sexual abuse in the second degree, as charged in the indictment, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution, and giving it the benefit of every reasonable inference to be drawn therefrom (*see People v Ramos*, 19 NY3d

133, 136 [2012]; *People v Bleakley*, 69 NY2d 490, 495 [1987]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant committed these offenses during the summer of 2005, as charged in the indictment. In addition, we find that the designated time period of July 1, 2005, through August 31, 2005, during which the offenses were alleged to have occurred, as charged in the indictment and established by the evidence, was sufficiently specific to satisfy the requirements of CPL 200.50 (6) (*see e.g. People v Spencer*, 119 AD3d 1411, 1413 [2014]; *People v Smith*, 272 AD2d 713, 714 [2000]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the trier of fact's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d at 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

In determining whether a defendant has been deprived of the effective assistance of counsel, a court must examine whether "the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]; *see People v Oliveras*, 21 NY3d 339, 346 [2013]). Here, the record reveals that defense counsel "prepared and pursued trial strategies and defense theories, presented a clear and cogent opening and summation, and adequately cross-examined the People's witnesses" (*People v Tomlinson*, 67 AD3d 826, 827 [2009]; *see People v Lee*, 105 AD3d 870, 871 [2013]; *People v Dashosh*, 59 AD3d 731, 732 [2009]). As such, the defendant received meaningful representation of counsel. "Hindsight does not elevate counsel's unsuccessful trial strategies to ineffective assistance of counsel" (*People v Tomlinson*, 67 AD3d at 827; *People v Dashosh*, 59 AD3d at 731; *People v Monroe*, 52 AD3d 623 [2008]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Balkin, J.P., Hall, Miller and Duffy, JJ., concur.