People v Stewart (2018 NY Slip Op 03711)





People v Stewart


2018 NY Slip Op 03711


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2013-05582
 (Ind. No. 12-00313)

[*1]The People of the State of New York, respondent, 
v
Brian Stewart, appellant.


Lipsitz Green Scime Cambria LLP, Buffalo, NY (Erin E. McCampbell of counsel), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Christine DiSalvo and Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barry Warhit, J.), rendered April 16, 2013, convicting him of rape in the third degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
We agree with the County Court's Molineux ruling (see People v Molineux, 168 NY 264). The evidence at issue was admissible as relevant background material to explain to the jury the relationship between the defendant and the complainant, as evidence of the defendant's identity as the perpetrator, as evidence of his motive and intent, and as evidence of his consciousness of guilt (see People v Smalls, 145 AD3d 802, 802; People v Maxey, 129 AD3d 1664, 1665; People v Griffin, 126 AD2d 743, 744). The defendant's argument that the court's limiting instructions regarding this evidence were insufficient is unpreserved for appellate review (see People v Devaughn, 84 AD3d 1394, 1395; People v Norman, 40 AD3d 1128, 1129-1130), and, in any event, without merit.
Furthermore, we agree with the County Court's determination to permit the admission into evidence of an audio recording of a telephone conversation the defendant had with the victim, and a transcript of that conversation, which the defendant contends were subject to a CPL 160.50 sealing order in a Rockland County prosecution of the defendant. "Evidence obtained as the result of a statutory violation lacking constitutional implications has long been held admissible as evidence of guilt" (People v Torres, 291 AD2d 273, 274; see People v Afrika, 13 AD3d 1218, 1220; People v Peterkin, 190 AD2d 825, 826). Here, the violation of CPL 160.50 did "not implicate constitutional considerations," and, therefore, did not warrant suppression (People v Patterson, 78 NY2d 711, 716-718; see People v Torres, 291 AD2d at 274; People v Williams, 271 AD2d 363, 364; People v Peterkin, 190 AD2d at 826).
The defendant's claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). In this case, it is not [*2]evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v Taylor, 1 NY3d 174, 176-177; People v Cruz, 127 AD3d 987, 988; People v Crandall, 199 AD2d 867, 869; cf. People v Robinson, 118 AD3d 1028, 1028; People v Salazar, 1 AD3d 387, 388). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604).
RIVERA, J.P., MILLER, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court