People v Sequeros (2020 NY Slip Op 04327)





People v Sequeros


2020 NY Slip Op 04327


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-00021
 (Ind. No. 111/15)

[*1]The People of the State of New York, respondent,
v
Mario Sequeros, appellant.


Janet E. Sabel, New York, NY (Jeffrey Dellheim of counsel) for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Keith Dolan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John G. Ingram, J.), rendered December 9, 2015, convicting him of rape in the first degree, sexual abuse in the first degree, assault in the second degree, criminal obstruction of breathing or blood circulation, and menacing in the second degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 20 years to be followed by a period of postrelease supervision of 15 years on the conviction of rape in the first degree, a determinate term of imprisonment of 7 years to be followed by a period of postrelease supervision of 8 years on the conviction of sexual abuse in the first degree, a determinate term of imprisonment of 4 years to be followed by a period of postrelease supervision of 3 years on the conviction of assault in the second degree, and definite terms of incarceration of 1 year on the convictions of criminal obstruction of breathing or blood circulation and menacing in the second degree, with the sentence imposed on the conviction of assault in the second degree to run consecutively to the sentence imposed on the conviction of rape in the first degree, and with all other sentences to run concurrently with the sentence imposed on the conviction of rape in the first degree.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of rape in the first degree from a determinate term of imprisonment of 20 years to be followed by a period of postrelease supervision of 15 years to a determinate term of imprisonment of 18 years to be followed by a period of postrelease supervision of 15 years, and by providing that all of the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
Contrary to the defendant's contention, viewing the record as a whole and counsel's performance in totality, the defendant's trial counsel provided the defendant with meaningful representation (see People v Benevento, 91 NY2d 708, 712). Among other things, counsel pursued a reasonable trial strategy and engaged in meaningful cross-examination of the People's witnesses in furtherance of that strategy (see People v Cruz, 127 AD3d 987, 988). Contrary to the defendant's assertion, defense counsel's failure to object to the qualifications of one of the People's expert witnesses was not error (see People v Menendez, 50 AD3d 1061). Further, any errors by defense counsel were not " sufficiently egregious and prejudicial as to compromise [the] defendant's right to a fair trial'" (People v Brevard, 175 AD3d 1419, 1420, quoting People v Caban, 5 NY3d 143, [*2]152).
The sentence imposed was excessive to the extent indicated (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., COHEN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court