■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BERNARD, Appellant. [625 NYS2d 78] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mallon, J.), rendered December 18, 1991, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's claim that the testimony of his accomplice was insufficiently corroborated. The nonaccomplice evidence presented by the People, if credited by the jury, was legally sufficient to meet the standard of CPL 60.22 (1), which provides that a defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense. Accordingly, the trial court did not err in submitting the murder count to the jury.

Further, the trial court did not improvidently exercise its discretion in admitting into evidence a videotape of the crime scene and the victim's body. The videotape was not unduly prejudicial and was properly admitted to illustrate and corroborate the testimony of the prosecution witnesses, including the medical examiner's testimony regarding the injuries suffered by the victim (see, People v Stevens, 76 NY2d 833, 835; People v Ellwood, 205 AD2d 553). Significantly, the victim's body appeared on the videotape for only a short period of time.

The trial court also did not err in admitting into evidence testimony regarding the deceased victim's statement on the night of the shooting of his intention to meet someone named "Mike". Under the state of mind exception to the hearsay rule, a declarant's statement that he intends to meet another is admissible "where the statement is made under circum-

stances that make it probable that the expressed intent [is] a serious one, and that it [is] realistically likely that such a meeting would in fact take place" *(People v Malizia,* 92 AD2d 154, 160, *affd* 62 NY2d 755, *cert denied* 469 US 932; *see also, People v Bongarzone,* 116 AD2d 164, 169-170, *affd* 69 NY2d 892; *United States v Pheaster,* 544 F2d 353, *cert denied sub nom. Inciso v United States,* 429 US 1099). In the present case, the deceased victim's statement was made under circumstances which made it probable that such a meeting would in fact take place.

We also reject the defendant's contention that reversible error took place by reason of prosecutorial misconduct. The defendant failed to preserve the majority of his claims for appellate review, and the remainder of his claims are either without merit or do not warrant reversal in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230, 241-242).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or do not warrant reversal. Bracken, J. P., Thompson, Hart and Goldstein, JJ., concur.