■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS SERACH, Appellant. [668 NYS2d 525] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of County Court convicting him of violation of probation. He contends that the court improperly relied on hearsay testimony to sustain the charge that he had used alcohol. Defendant did not object to the hearsay testimony, however, and therefore has failed to preserve his present contention for our review (*see, People v Gonzalez*, 55 NY2d 887, 888). In any event, the testimony of the probation officer that defendant failed to report establishes a violation of that condition by a preponderance of the evidence, and competent proof of a violation of one of the conditions of probation is sufficient to sustain a court's finding made pursuant to CPL 410.70 (3) (*see, People v Raleigh*, 184 AD2d 869, *lv denied* 80 NY2d 908). Finally, we reject the contention that the sentence is unduly harsh or severe. (Appeal from Judgment of Niagara County Court, Fricano, J.—Violation of Probation.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRESTON CLEMENTS, Appellant. [668 NYS2d 525] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the verdict is against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). The testimony of defendant that he had no knowledge of the handgun seized from the automobile he was driving raised an issue of credibility for the jury. "Resolutions of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses" (*People v White*, 192 AD2d 736, 737, *lv denied* 81 NY2d 1082). (Appeal from Judgment of Supreme Court, Monroe County, Sheridan, J.—Criminal Possession Weapon, 4th Degree.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.