■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL SMITH, Appellant. [737 NYS2d 710] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that County Court erred in permitting two witnesses to testify with respect to statements that the victim made to them in the week preceding the murder. The first witness was permitted to testify over objection that the victim had told her that he had "some demons on his back that he was trying to get rid of" and that the victim was referring to defendant. The second witness testified without objection that the victim stated that he had told defendant, who was residing with him, that he wanted defendant to move out.

We agree with defendant that the court erred in determining that the testimony of the first witness was admissible pursuant to *People v Malizia* (92 AD2d 154, 159, *affd* 62 NY2d 755, *cert denied* 469 US 932). Although "under appropriate circumstances a declarant's statement of intent to perform an act may be admissible as evidence that he performed the act where the act is relevant to an issue in the case" (*People v Malizia, supra,* at 159), that principle does not apply here. The state-

ment testified to by the first witness did not involve an intent to perform an act. Defendant's contention that the court erred in admitting the testimony of the second witness is unpreserved for our review (*see, People v Serach*, 247 AD2d 885, *lv denied* 92 NY2d 860). Were we to reach the merits of that contention, we would conclude that the testimony of the second witness was not admissible. Contrary to the People's contention, the victim's statement to that witness was not a statement of intent to perform a future act and thus does not fall within the state of mind exception to the hearsay rule (*cf., People v Malizia, supra,* at 159-161; *People v Martinez*, 257 AD2d 410, 411, *lv denied* 93 NY2d 876; *People v Bernard*, 214 AD2d 578, 578-579, *lv denied* 85 NY2d 969; *see generally,* Prince, Richardson on Evidence § 8-612 [Farrell 11th ed]). We further conclude, however, that the admission of the testimony of both witnesses is harmless error. The proof of guilt is overwhelming and there is no significant probability that defendant otherwise would have been acquitted (*see, People v Muldrow*, 273 AD2d 814, 815, *lv denied* 95 NY2d 891). (Appeal from Judgment of Monroe County Court, Bristol, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt, JJ.