# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

818
KA 14-00888
PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BRYAN WASHINGTON, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA WHITE OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered March 28, 2014. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed upon his conviction of two counts of grand larceny in the fourth degree (Penal Law § 155.30 [1]) and sentencing him to concurrent indeterminate terms of incarceration. We affirm. Defendant failed to preserve for our review his contention that County Court improperly found, based solely on hearsay evidence, that he violated the conditions of his probation by leaving the county without the permission of his probation officer or the court (*see People v Serach*, 247 AD2d 885, 885, *lv denied* 92 NY2d 860; *People v Angel E.*, 233 AD2d 938, 938, *lv denied* 89 NY2d 939). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant's contention that the evidence failed to establish that he violated the conditions of his probation by failing to appear for a court date is likewise unpreserved for our review (*see People v Fusco*, 91 AD3d 985, 986; *People v Alvarez*, 26 AD3d 442, 442-443, *lv denied* 6 NY3d 892). In any event, we note that defendant does not challenge on appeal the court's finding that his failure to report to his probation officer constituted a violation of his probation (*see generally People v Walts*, 34 AD3d 1043, 1043, *lv denied* 8 NY3d 850). Finally, the sentence is not unduly harsh or severe.

Entered:  June 19, 2015                          Frances E. Cafarell
                                                 Clerk of the Court