■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID REYNOLDS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered December 6, 1988, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the testimony of Police Officer Michael O'Sullivan that the defendant was taken to the precinct following a radio communication from the undercover officer who purchased the drugs, impermissibly bolstered the prosecution's identification testimony. However, unlike the situation in People v Holt (67 NY2d 819), the defendant in the present case was already under arrest at the time of this communication and, therefore, any bolstering effect was minimal. Furthermore, in light of the undercover officer's strong and unequivocal identification testimony and his ample opportunity to observe the defendant during the course of the transaction, any error in allowing the controverted testimony was harmless (see, People v Johnson, 57 NY2d 969; People v Hart, 140 AD2d 711).

With respect to the defendant's allegation that certain remarks made by the prosecutor during summation were prejudicial, we find that although some might have been better left unsaid, they were for the most part responsive to portions of defense counsel's summation, and did not deprive him of a fair trial (see, People v Shaw, 150 AD2d 626).

The defendant's remaining contentions are either without merit or unpreserved for appellate review. Thompson, J. P., Kunzeman, Lawrence and O'Brien, JJ., concur.