■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELDIN ORTIZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered July 11, 1988, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with possession of a loaded .25 caliber semiautomatic handgun. He was seen by an off-duty police officer standing in front of a police precinct holding the gun and then placing it in his pocket. The off-duty police officer, who was in civilian attire, identified himself to the defendant as a police officer. The defendant then raised one arm to look at his watch, while placing his other hand into the pocket which contained the gun. He said that he was late and that he had to call his wife. The defendant was then arrested by the officers who recovered the gun.

The evidence adduced at trial demonstrates that the defendant possessed a loaded gun and that he was not in his home or place of business (see, Penal Law § 265.02). While it is settled that mere possession of a weapon is not criminal in every instance, retaining a gun beyond opportunities to report it to authorities is " ' "utterly at odds with any claim of innocent possession" ' " (People v Banks, 76 NY2d 799, 801, quoting People v Snyder, 73 NY2d 900, 902). Contrary to the defendant's contention, his conduct is not consistent with innocent possession. The evidence indicates that the defendant had opportunities to turn in the gun, both while he stood in front of the police precinct and when the officers approached him, but failed to do so.

While the prosecutor's questioning of the defendant about a previous driving while impaired conviction, and the prosecutor's remarks on summation regarding this conviction were improper (see, Vehicle and Traffic Law §§ 155, 1193), these questions and comments were harmless in light of the overwhelming evidence of the defendant's guilt (see, People v Crimmins, 36 NY2d 230, 241; People v Reynolds, 169 AD2d 740).

The defendant's remaining contention is unpreserved for appellate review *(see, People v Williams,* 168 AD2d 694; *People v Anderson,* 161 AD2d 719; *People v Lugo,* 150 AD2d 502). Thompson, J. P., Brown, Miller and O'Brien, JJ., concur.