■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO TORRES, Appellant. [632 NYS2d 85] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered September 1, 1992, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of 4 to 12 years, unanimously affirmed.

Defendant's claim that he was denied a fair trial by the questions and comments on his pretrial silence is unpreserved for appellate review as a matter of law for failure to object (CPL 470.05; *People v Holland*, 174 AD2d 508, 510, *lv denied* 78 NY2d 1011), and we decline to review it in the interest of justice. Were we to review the claim, we would find that defendant's failure to contact the police after learning that the victim had been shot in the altercation was proper rebuttal to defendant's theory of self-defense (*see, People v Kearse*, 177 AD2d 392, *lv denied* 79 NY2d 1003), especially in light of his subsequent trip to Florida, and that any error in this regard was in any event harmless in view of the overwhelming evidence of defendant's guilt. Concur—Ellerin, J. P., Wallach, Ross, Asch and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE MANUEL, Respondent. [632 NYS2d 86] —Order, Supreme Court, Bronx County (John Moore, J.), entered on or about December 6, 1993, granting defendant's motion to suppress physical evidence, unanimously affirmed.

The People's claim that there was reasonable suspicion to pat down the area where the officer observed an undefined bulge is unpreserved for review as a matter of law (*People v Parris*, 83 NY2d 342, 351), and we decline to review it in the interest of justice. If we were to review, we would find that the search was not justified. The police lawfully approached a taxicab in order to inform the driver that his brake lights were inoperable. Defendant was seated in the center of the rear passenger seat and glanced to his right upon the approach of the police, who observed a large bulge underneath defendant's shirt, above the belt line of his pants. As the police acknowledged, there was no indication that the bulge was a weapon. Nonetheless, one of the police officers opened the car door and reached directly towards the bulge. During a fifteen second struggle involving the officers and defendant, one of the officers felt a hard object and subsequently removed a kilogram package of drugs from underneath defendant's shirt. Under these circumstances, there was no reasonable basis to believe that defendant was armed (*People v Robbins*, 83 NY2d 928, 930). Concur—Ellerin, J. P., Wallach, Ross, Asch and Mazzarelli, JJ.