■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK GUZMAN, Appellant. [688 NYS2d 10] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered October 13, 1995, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 10 to 20 years on the attempted murder and criminal use of a firearm convictions, concurrent with concurrent terms of 7½ to 15 years on the assault and weapon possession convictions, unanimously affirmed.

There was legally sufficient evidence of guilt and the verdict was not against the weight of the evidence. We see no reason

to disturb the jury's determinations concerning credibility and evaluation of expert testimony.

The People's brief reference, in cross-examination and summation, to defendant's failure to report to the police what he claimed at trial to be an accidental shooting could not have deprived defendant of a fair trial. The People's primary focus was on defendant's conduct, to wit, his flight and his failure to seek aid for the victim, rather than his silence (*see, People v De George*, 73 NY2d 614, 620-621). Moreover, defendant's failure to contact the police was admissible as inconsistent with his defense (*see, People v Torres*, 220 AD2d 263, *lv denied* 87 NY2d 925; *People v Thomas*, 169 AD2d 553, *lv denied* 77 NY2d 911; *see also, People v Rothschild*, 35 NY2d 355).

By failing to object, or by making general objections, defendant failed to preserve his remaining challenges to the prosecutor's elicitation of testimony and summation remarks, and we decline to review these claims in the interest of justice. Were we to review these claims, we would find no basis for reversal (*see, People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

On the existing record, which defendant has not sought to amplify by way of a CPL 440.10 motion whereby matters of strategy could be explored, we find that defendant received meaningful representation (*People v Benevento*, 91 NY2d 708). Concur—Rosenberger, J. P., Williams, Tom and Mazzarelli, JJ.