# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

585

KA 12-02148

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JORGE DEJESUS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered October 19, 2012. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Supreme Court properly refused to suppress defendant's statements and the weapons seized from the basement of his mother's home. Contrary to defendant's contention, the People established that defendant's mother voluntarily consented to the search of her home (*see People v May*, 100 AD3d 1411, 1412, *lv denied* 20 NY3d 1063; *People v McCray*, 96 AD3d 1480, 1481, *lv denied* 19 NY3d 1104). Defendant's remaining contentions regarding the suppression hearing are not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). "To the extent that defendant contends that defense counsel was ineffective for failing to raise [those issues] at the suppression hearing, we reject that contention because [t]here can be no denial of effective assistance of . . . counsel arising from [defense] counsel's failure to make a motion or argument that has little or no chance of success" (*People v Watson*, 90 AD3d 1666, 1667, *lv denied* 19 NY3d 868 [internal quotation marks omitted]).

Defendant next contends that the verdict is against the weight of the evidence because he had only temporary innocent possession of the weapons. We reject that contention (*see People v Hicks*, 110 AD3d

1488, 1488, *lv denied* 22 NY3d 1156). A person may be found to have had temporary and lawful possession of a weapon if, for example, "he found the weapon shortly before his possession of it was discovered and he intended to turn it over to the authorities" (*People v Almodovar*, 62 NY2d 126, 130). The court here rejected that defense inasmuch as defendant did not turn over the weapons to the police despite the opportunity to do so. Viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Finally, the sentence is not unduly harsh or severe.