# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1230**
**KA 12-02179**
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                              MEMORANDUM AND ORDER

EMMANUEL D. RODRIGUEZ, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAREN C. RUSSO-MCLAUGHLIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered April 30, 2012. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a nonjury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that the evidence is legally insufficient to establish his guilt and that the verdict is against the weight of the evidence. More specifically, defendant contends that, although he admittedly possessed a loaded .38 caliber handgun for which he did not have a permit, the People failed to disprove his defense of temporary and innocent possession of the weapon. We reject defendant's contentions and affirm.

Defendant, a six-time felon and admitted gang member, testified at trial that, on the night in question, he went to a bar in Buffalo with a friend named A.J., who subsequently became intoxicated and argumentative. After A.J. was removed from the bar by a bouncer for misbehavior, defendant heard A.J. say something about getting a gun. A.J. then entered a vehicle with another person whom defendant did not know. Defendant further testified that, while the vehicle was stopped at the intersection outside the bar, he himself approached the vehicle on foot and entered the backseat, where he saw on the floor a black sock that contained a loaded handgun. Defendant explained that he took possession of the weapon because he was concerned that A.J. might use it unlawfully against someone. When a uniformed police officer approached the vehicle moments later, defendant said "I have something on me but it's not mine." Defendant thus contends that his possession

of the weapon was temporary and innocent.

Defendant's testimony, however, was contradicted in relevant part by that of the bouncer who removed A.J. from the bar and observed defendant approach the vehicle. The bouncer, an off-duty police officer, testified that defendant was carrying what appeared to be a black pouch as he approached the vehicle, and that defendant was stopped and frisked by the uniformed officer *before* he was able to enter the vehicle. That testimony was corroborated by the uniformed officer, who testified that defendant did not enter or reach inside the vehicle. According to the officer, defendant had a black pouch in his pocket as defendant approached the vehicle. That black pouch contained the weapon that defendant was charged with possessing.

"A person may be found to have had temporary and lawful possession of a weapon if, for example, 'he found the weapon shortly before his possession of it was discovered and he intended to turn it over to the authorities' " (*People v DeJesus*, 118 AD3d 1340, 1341, *lv denied* 23 NY3d 1061, quoting *People v Almodovar*, 62 NY2d 126, 130). Here, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621), we conclude that the testimony of the prosecution witnesses as outlined above is legally sufficient to establish that defendant did not find the weapon in the vehicle shortly before his possession of it was discovered, and that his possession of the weapon was therefore not temporary and innocent (*see People v Crawford*, 96 AD3d 964, 964-965, *lv denied* 20 NY3d 931).

Moreover, viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that it cannot be said that County Court failed to give the evidence the weight it should be accorded (*see People v Kalen*, 68 AD3d 1666, 1667, *lv denied* 14 NY3d 842; *see generally Bleakley*, 69 NY2d at 495). Generally, "[w]e accord great deference to the resolution of credibility issues by the trier of fact 'because those who see and hear the witnesses can assess their credibility and reliability in a manner that is far superior to that of reviewing judges who must rely on the printed record' " (*People v Ange*, 37 AD3d 1143, 1144, *lv denied* 9 NY3d 839, quoting *People v Lane*, 7 NY3d 888, 890), and we perceive no basis in the record for disturbing the court's credibility determinations in this case.

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court