■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GARCIA, Appellant. [4 NYS3d 896]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated June 18, 2001 (*People v Garcia*, 284 AD2d 481 [2001]), affirming a judgment of the Supreme Court, Kings County, rendered January 21, 1999.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Mastro, J.P., Rivera, Skelos and Dickerson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARRY JEAN, Appellant. [4 NYS3d 905]—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered May 4, 2010, convicting him of assault in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not err in admitting evidence of certain prior bad acts committed by the defendant. The evidence was relevant to establish the defendant's motive for the instant assault, and " 'provided necessary background information on the nature of the relationship' " between the defendant and the complainant (*People v Gamble*, 18 NY3d 386, 398 [2012], quoting *People v Dorm*, 12 NY3d 16, 19 [2009]; *see People v Wisdom*, 120 AD3d 724, 725-726 [2014]). Further, the trial court properly balanced the probative value of the evidence against the potential prejudice (*see People v Gamble*, 18 NY3d at 398; *People v Wisdom*, 120 AD3d at 726).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Skelos, J.P., Austin, Miller and Hinds-Radix, JJ., concur.