# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

556

KA 14-00056

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

SHAWN J. SIVERTSON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered December 18, 2013. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]). Contrary to defendant's contention, we conclude that the warrantless entry by police into defendant's residence was justified by probable cause and exigent circumstances (*see People v Burr*, 124 AD2d 5, 8, *affd* 70 NY2d 354, *cert denied* 485 US 989). The evidence at the suppression hearing established that, after promptly responding to a 911 call reporting a robbery of a convenience store by a man with a knife, the police learned that a store employee had followed and observed the perpetrator fleeing into the rear of a multiple dwelling. The store employee reported to the police that the perpetrator was wearing a hat and scarf. A neighbor at that location reported to the police that a man matching the perpetrator's description lived in the subject building and had been outside the front of that building approximately 20 to 30 minutes prior to the robbery—wearing a hat and scarf. Thus, we conclude that the police reasonably believed that they had located the perpetrator, who was still armed, as they observed defendant in his apartment unit from the outside (*see People v Jones*, 134 AD2d 451, 451, *lv denied* 70 NY2d 1007). The evidence established that the police did not know if defendant had access to the remainder of the building (*see People v Stevens*, 57 AD3d 1515, 1515, *lv denied* 12 NY3d 822). There is no evidence that the force used by the police to gain entry was unreasonable or premature in light of the circumstances (*see generally People v Glia*, 226 AD2d 66,

73, *appeal dismissed* 91 NY2d 846). Although defendant contends that he was sleeping and groggy or in a stupor when the police observed him in his apartment, and thus he did not present a risk of escape (*see generally People v Green*, 182 AD2d 704, 704, *lv denied* 80 NY2d 831), the police testified that defendant was observed moving about in the apartment, awake and watching television when they arrived outside the apartment. According to the police testimony, it was only after they requested that defendant answer the door that he gave the appearance of being asleep. "The hearing court's assessment of credibility is entitled to great weight, and the court's determination will not be disturbed where, as here, it is supported by the record" (*People v Little*, 259 AD2d 1031, 1032, *lv denied* 93 NY2d 926). We conclude that in light of all the facts, the suppression court properly determined that there was an urgent need that justified the warrantless entry in this case (*see People v McBride*, 14 NY3d 440, 446, *cert denied* 562 US 931).

We agree with defendant that certain comments made by the prosecutor during summation were improper, particularly those reflecting upon defendant's silence or demeanor following his arrest (*see People v McArthur*, 101 AD3d 752, 752-753, *lv denied* 20 NY3d 1101). We conclude, however, that the prosecutor's comments "were not so pervasive or egregious as to deprive defendant of a fair trial" (*People v Jones*, 114 AD3d 1239, 1241, *lv denied* 23 NY3d 1038 [internal quotation marks omitted]). Thus, contrary to the contention of defendant, the "failure to object to those comments does not constitute ineffective assistance of counsel" (*People v Nicholson*, 118 AD3d 1423, 1425).

Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Contrary to defendant's further contention, the evidence of identification of him as the perpetrator was legally sufficient (*see People v Ponder*, 19 AD3d 1041, 1042, *lv denied* 5 NY3d 809; *see generally Bleakley*, 69 NY2d at 495).

Defendant failed to preserve for our review his contention that he was improperly adjudicated a persistent violent felony offender (*see* CPL 470.05 [2]; *People v Butler*, 203 AD2d 35, 35, *lv denied* 83 NY2d 965). In any event, having been previously adjudicated a second violent felony offender based on the 2004 conviction he now seeks to challenge, "[t]he question is . . . no longer open" (*People v Loughlin*, 66 NY2d 633, 635-636, *rearg denied* 66 NY2d 916).

Entered:  June 12, 2015                    Frances E. Cafarell
                                            Clerk of the Court