# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1344**
**KA 11-01476**
PRESENT: SMITH, J.P., PERADOTTO, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LARON ROBINSON, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered May 23, 2011. The appeal was held by this Court by order entered November 14, 2014, decision was reserved and the matter was remitted to Onondaga County Court for further proceedings (122 AD3d 1282). The proceedings were held and completed.

It is hereby ORDERED that the judgment so appealed from is affirmed.

Memorandum: We previously held this case, reserved decision, and remitted the matter to County Court to determine whether the police had probable cause to believe that defendant had committed a traffic infraction (*People v Robinson*, 122 AD3d 1282, 1283-1284). Upon remittal, the court denied defendant's request for suppression, and we now affirm.

This prosecution arises from an incident in which a captain in the Onondaga County Sheriff's Office, who was a lieutenant at the time of the incident, was observing an area for possible drug activity, and observed defendant park his vehicle in that area. The captain saw defendant leave that vehicle, reenter it shortly thereafter, and then pick up and drink from a can, which the captain concluded was a beer can based on its distinctive size and color. The officer who stopped defendant's vehicle testified that he did so based on, inter alia, the fact that he heard the captain broadcast that he observed defendant drinking from a can of beer. After defendant was stopped, a search revealed a loaded handgun, cocaine, a bag of bullets and an open can of beer. Defendant pleaded guilty to attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00, 265.02 [5] [ii]) and, on appeal, he challenges only the propriety of the stop of the vehicle.

It is well settled that a law enforcement officer may stop a vehicle where, inter alia, the officer has "probable cause to believe that the driver . . . has committed a traffic violation" (*People v Robinson*, 97 NY2d 341, 349). "Probable cause requires, not proof beyond a reasonable doubt or evidence sufficient to warrant a conviction . . . , but merely information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed" (*People v McRay*, 51 NY2d 594, 602; *see People v Guthrie*, 25 NY3d 130, 133, *rearg denied* 25 NY3d 1191). It is also well settled that the credibility determinations of the suppression court " 'are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record' " (*People v Spann*, 82 AD3d 1013, 1014; *see generally People v Prochilo*, 41 NY2d 759, 761).

Here, the court credited the captain's testimony, and properly concluded that the police had probable cause to stop the vehicle based on defendant's violation of Vehicle and Traffic Law § 1227 (1), which prohibits the "drinking of alcoholic beverages, or the possession of an open container containing an alcoholic beverage, in a motor vehicle located upon the public highways or right-of-way public highway." Finally, although the officer who stopped defendant's vehicle did not personally observe defendant drink from the beer can, he was acting upon information provided by the captain who made that observation, and an "officer is deemed to act with probable cause when acting at the direction of another law enforcement officer who has the requisite probable cause" (*People v Maldonado*, 86 NY2d 631, 635).

All concur except WHALEN, J., who dissents and votes to reverse in accordance with the following memorandum: I respectfully dissent. In my view, the evidence at the suppression hearing does not support County Court's conclusion that the police had probable cause to believe that defendant violated Vehicle and Traffic Law § 1227 (1). The stop of defendant's vehicle therefore violated the constitutional protections against unreasonable seizures (US Const Fourth Amend; NY Const, art I, § 12), and the evidence obtained as the result of that stop should have been suppressed.

The determination of probable cause hinges upon the testimony of the police captain (then a lieutenant) who first observed defendant and, based upon his observations, directed other officers to stop defendant's vehicle. Under the fellow officer rule, the officer who stopped defendant's vehicle was "entitled to act on the strength of a radio bulletin . . . from a fellow officer . . . and to assume its reliability" (*People v Lypka*, 36 NY2d 210, 213; *see People v Rosario*, 78 NY2d 583, 588, *cert denied* 502 US 1109), and an "officer is deemed to act with probable cause when acting at the direction of another law enforcement officer who has the requisite probable cause" (*People v Maldonado*, 86 NY2d 631, 635). Where, as here, a stop based upon a Vehicle and Traffic Law violation "is challenged by a motion to suppress, the prosecution bears the burden of establishing that the officer imparting the information had probable cause to act" (*People v Ketcham*, 93 NY2d 416, 420; *see People v Ramirez-Portoreal*, 88 NY2d 99, 113-114).

The People failed to meet that burden.  Vehicle and Traffic Law § 1227 (1) prohibits the consumption or possession of an open container containing an alcoholic beverage in a motor vehicle on a public highway.  The evidence at the suppression hearing failed to establish, however, that the police had probable cause to believe either that defendant consumed or possessed an open container or that the container contained an alcoholic beverage.  At the suppression hearing, the captain testified that he observed defendant get into the driver's seat of a vehicle, and he "saw the driver pick up a red can that appeared to be a forty-ounce beer can . . . , but [he] couldn't tell . . . whether it was or it wasn't."  The captain's only explanation for his belief that the preposterously large red can contained beer was that beer comes in red 40-ounce cans.  In addition, the captain's only testimony concerning whether the can was open and whether he saw defendant drink from it was confusing at best.  The captain was asked whether he "believed at the time that [he] saw the driver pick up an open can of alcohol and drink from it," and he responded that he "thought that it was a good possibility that's what it was, yeah."  The most reasonable interpretation of the captain's response is that he "thought it was a good possibility" that the can contained alcohol, i.e., "that's what it was."  In any event, considering the sum of the captain's testimony concerning his observations, I conclude that defendant's behavior was "susceptible of innocent as well as culpable interpretation," and thus did not amount to probable cause to believe that defendant was violating Vehicle and Traffic Law § 1227 (1) (*People v De Bour*, 40 NY2d 210, 216).

I agree with the majority that "[p]robable cause does not require proof to a mathematical certainty, or proof beyond a reasonable doubt" (*People v Mercado*, 68 NY2d 874, 877, *cert denied* 479 US 1095).  It does require, however, that based upon the facts before the captain, it was "at least more probable than not" that defendant was violating the open container law (*People v Carrasquillo*, 54 NY2d 248, 254).  The facts as recounted by the captain do not meet that standard, and I cannot agree with the majority that his unsubstantiated subjective belief that he observed a beer can warranted the intrusion into defendant's liberty of movement.  Indeed, the reasoning of the majority would support the conclusion that an officer's observation of a clear glass bottle is sufficient to establish probable cause when combined with the officer's subjective belief that the bottle contained vodka or gin, because vodka and gin are sold in clear glass bottles.  "The basic purpose of the constitutional protections against unlawful searches and seizures is to safeguard the privacy and security of each and every person against all arbitrary intrusions by government" (*De Bour*, 40 NY2d at 217).  Forcibly stopping a vehicle because the driver possessed a large red can strikes me as an arbitrary intrusion.

Finally, I note that the subsequent observation of an open beer can by the officer who stopped the vehicle cannot be considered in the probable cause determination, inasmuch as "[t]he police may not justify a stop by . . . subsequently acquired [probable cause] resulting from the stop" (*id.* at 215-216; *see People v Bordeaux*, 182 AD2d 1095, 1097, *appeal dismissed* 80 NY2d 915).  The People,

therefore, failed to meet their burden of showing the legality of the police conduct in the first instance (*see People v Berrios*, 28 NY2d 361, 367), and defendant's suppression motion should have been granted (*see People v Lazcano*, 66 AD3d 1474, 1475, *lv denied* 13 NY3d 940).

I would therefore reverse the judgment, vacate the guilty plea, grant that part of defendant's omnibus motion seeking to suppress physical evidence, and dismiss the indictment (*see People v Washburn*, 309 AD2d 1270, 1271).

Entered:  December 31, 2015                    Frances E. Cafarell
                                               Clerk of the Court