THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARC PRINGLE, Appellant. [25 NYS3d 635]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zayas, J.), rendered October 2, 2012, convicting him of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Aloise, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant was convicted of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree, based upon, among other things, the testimony of two police officers that they recovered a loaded, operable, and defaced firearm from the defendant's pocket during a stop and frisk on a sidewalk in Queens.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Kolupa*, 13 NY3d 786, 787 [2009]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's

guilt of criminal possession of a weapon in the second degree (two counts) (*see* Penal Law § 265.03 [1] [b]; [3]; Penal Law § 265.15 [4]; *People v Galindo*, 23 NY3d 719, 722-724 [2014]) and criminal possession of a weapon in the third degree (*see* Penal Law § 265.02 [3]). Contrary to the defendant's contention, the People presented evidence disproving, beyond a reasonable doubt, the defense of temporary and lawful possession of a weapon (*see People v Rodriguez*, 122 AD3d 1425, 1426-1427 [2014]; *People v Sooknanan*, 92 AD3d 810, 810 [2012]; *People v Ortiz*, 172 AD2d 696 [1991]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant argues that he was deprived of the effective assistance of counsel as a result of his trial counsel's failure to raise at the suppression hearing the allegedly meritorious contention that the anonymous call did not supply reasonable suspicion for the stop and frisk. However, the evidence at trial established that the call was made by an identified citizen informant, who, unlike an anonymous caller, is presumed to be reliable (*see generally Florida v J.L.*, 529 US 266, 270 [2000]; *People v Parris*, 83 NY2d 342, 350 [1994]). Accordingly, the record reveals a legitimate explanation for the alleged instance of ineffective assistance by the defendant's trial counsel (*see generally People v Benevento*, 91 NY2d 708, 709 [1998]; *People v Prince*, 128 AD3d 987, 988 [2015]; *cf. People v Clermont*, 22 NY3d 931, 933-934 [2013]).

The defendant's contention that the prosecutor improperly cross-examined him during the trial regarding his prearrest silence and used his prearrest silence to impeach his credibility during summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Collins*, 109 AD3d 482, 482 [2013]; *People v Gill*, 54 AD3d 965, 965-966 [2008]; *People v Caicedo*, 173 AD2d 630, 630 [1991]). In any event, to the extent that the prosecutor's questions and remarks concerned the defendant's conduct in failing to contact the police or flag down the police officers after he purportedly found the gun, they were not improper (*see People v Mulligan*, 118 AD3d 1372, 1374 [2014]; *People v Guzman*, 259 AD2d 364, 365 [1999]; *see also People v*

*Alls*, 117 AD3d 1190, 1191-1192 [2014]; *People v Curry*, 85 AD3d 1209, 1211 [2011]). Further, any error resulting from the prosecutor's use of the defendant's prearrest silence for impeachment purposes was harmless, because there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to the conviction (*see People v Crimmins*, 36 NY2d 230, 242 [1975]; *People v Nelson*, 69 AD3d 762, 763 [2010]; *cf. People v Williams*, 25 NY3d 185, 194 [2015]).

The defendant's contention, raised in his main brief and his pro se supplemental brief, that he was deprived of a fair trial by certain improper remarks made by the prosecutor during his summation is also unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Taylor*, 120 AD3d 519, 520 [2014]). In any event, most of the challenged remarks were within the broad bounds of rhetorical comment permissible in closing arguments, and constituted fair response to arguments made by defense counsel in summation or fair comment on the evidence (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Galloway*, 54 NY2d 396, 399-401 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Barber*, 133 AD3d 868, 871 [2015]). Moreover, contrary to the defendant's contention, any instances of prosecutorial misconduct during cross-examination and summation were not, either individually or collectively, so egregious as to deprive the defendant of a fair trial (*see People v Barber*, 133 AD3d at 871; *People v Stevenson*, 129 AD3d 998, 999 [2015]; *cf. People v Riback*, 13 NY3d 416, 423 [2009]; *People v Calabria*, 94 NY2d 519, 522 [2000]).

Defense counsel's failure to object to the challenged questions and summation remarks did not constitute ineffective assistance of counsel (*see People v Wragg*, 26 NY3d 403 [2015]; *People v Sivertson*, 129 AD3d 1467, 1469 [2015], *lv granted* 26 NY3d 1092; *People v Stevenson*, 129 AD3d at 999). The record reveals that defense counsel provided meaningful representation (*see People v Taylor*, 1 NY3d 174, 176-177 [2003]; *People v Benevento*, 91 NY2d at 712; *People v Cruz*, 127 AD3d 987, 988 [2015]).

The defendant's contention, raised in his pro se supplemental brief, that the People were improperly permitted to present evidence of uncharged crimes is without merit (*see People v Pope*, 96 AD3d 1231, 1234-1235 [2012]). The defendant's remaining contentions, including the contentions raised in the defendant's pro se supplemental brief, are unpreserved for appellate review, and, in any event, without merit. Rivera, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.