■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL RABANAL, Appellant. [31 NYS3d 158]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Carter, J.), rendered December 5, 2012, convicting him of predatory sexual assault against a child (two counts), incest in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not err in admitting evidence of his alleged history of violence. The evidence was relevant to explain why the complainant, who was the defendant's daughter, and an eyewitness, who was the defendant's mother-in-law, failed to promptly report the defendant's sexual assault of the complainant, and provided necessary background information on the nature of the relationship between the defendant, the complainant, and the eyewitness (*see People v Gamble*, 18 NY3d 386, 398 [2012]; *People v Jean*, 127 AD3d 882 [2015]; *People v Hill*, 121 AD3d 469, 469 [2014]; *People v Holden*, 82 AD3d 1007 [2011]; *People v Watson*, 281 AD2d 691 [2001]). The court properly balanced the probative value of the evidence against the potential prejudice (*see People v Gamble*, 18 NY3d at 398; *People v Basir*, 179 AD2d 662 [1992]). The court also gave the

appropriate instruction to the jury as to the limited purpose for which the evidence should be considered (*see People v Dorm*, 12 NY3d 16, 19 [2009]).

"Admission of expert testimony is left to the sound discretion of the trial court and 'dependent on whether the expert testimony would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror' " (*People v Nicholson*, 26 NY3d 813, 828 [2016], quoting *People v Williams*, 20 NY3d 579, 583-584 [2013] [internal quotation marks omitted]). The Supreme Court did not improvidently exercise its discretion in permitting the prosecution's expert medical witness to testify regarding the results of, and her professional opinion arising out of, her medical examination of the complainant (*see People v Seignious*, 114 AD3d 883 [2014]; *People v Sparman*, 202 AD2d 452 [1994]).

Moreover, it was not an improvident exercise of the Supreme Court's discretion to permit the People to recall the complainant's mother as a witness to address an issue raised during the cross-examination of the complainant, particularly since the People had not rested at the time she was recalled (*see People v Brown*, 111 AD3d 1385 [2013]; *People v Rostick*, 244 AD2d 768, 768-769 [1997]).

Contrary to the defendant's contention, the record reveals that defense counsel provided him meaningful representation and the defendant was not deprived of effective assistance of counsel (*see People v Wragg*, 26 NY3d 403 [2015]; *People v Taylor*, 1 NY3d 174, 176-177 [2003]; *People v Sivertson*, 129 AD3d 1467, 1469 [2015], *lv granted* 26 NY3d 1092 [2015]; *People v Stevenson*, 129 AD3d 998, 999 [2015]; *People v Cruz*, 127 AD3d 987, 988 [2015]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Austin, J.P., Cohen, Miller and Duffy, JJ., concur.

Motion by the appellant, inter alia, on an appeal from a judgment of the Supreme Court, Nassau County, rendered December 5, 2012, to enlarge the record to include a letter marked for identification at trial as defendant's exhibit A. By decision and order on motion of this Court dated March 11, 2016, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to enlarge the record to include the letter marked for identification at trial as defendant's exhibit A is denied. Austin, J.P., Cohen, Miller and Duffy, JJ., concur.