■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ALPHONSO, Appellant. [43 NYS3d 83]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Donnelly, J.), rendered April 25, 2014, convicting him of assault in the second degree, criminal possession of a weapon in the fourth degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the prosecutor improperly questioned him about his prearrest silence during cross-examination and improperly commented on his prearrest silence to impeach his credibility during summation (*see* CPL 470.05 [2]; *People v Pringle*, 136 AD3d 1061, 1062 [2016]). In any event, to the extent that the prosecutor's questions and remarks concerned the defendant's conduct after the incident, they were not improper (*see People v Pringle*, 136 AD3d at 1062; *People v Mulligan*, 118 AD3d 1372, 1374 [2014]; *People v Vargas*, 277 AD2d 475 [2000]; *People v Guzman*, 259 AD2d 364, 365 [1999]). The defendant's contention that he was deprived of a fair trial by other improper remarks made by the prosecutor during her summation is also unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Kinard*, 96 AD3d 976, 977 [2012]). In any event, most of the challenged remarks were within the broad bounds of rhetorical comment permissible in closing arguments, and constituted fair response to arguments made by defense counsel in summation or fair comment on the evidence (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Galloway*, 54 NY2d 396, 399-401 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Barber*, 133 AD3d 868, 871 [2015]). Moreover, contrary to the defendant's contention, any instances of prosecutorial misconduct during cross-examination and summation were not, either individually or collectively, so

egregious as to deprive the defendant of a fair trial (*see People v Pringle*, 136 AD3d at 1062; *People v Briskin*, 125 AD3d 1113, 1122 [2015]; *People v Credle*, 124 AD3d 792, 793 [2015]).

Defense counsel's failure to object to the challenged questions and summation remarks did not constitute ineffective assistance of counsel (*see People v Wragg*, 26 NY3d 403, 411-412 [2015]; *People v Hawley*, 112 AD3d 968, 969 [2013]). The record reveals that defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Cruz*, 127 AD3d 987, 988 [2015]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Hall, J.P., Sgroi, Barros and Connolly, JJ., concur.