People v Nieves (2018 NY Slip Op 00441)





People v Nieves


2018 NY Slip Op 00441


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
L. PRISCILLA HALL
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2015-04675
 (Ind. No. 1184/13)

[*1]The People of the State of New York, respondent,
v
Gamaliel Nieves, appellant.


Neal D. Futerfas, White Plains, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Jason R. Richards and Kevin C. King of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (William O'Brien, J.), rendered May 18, 2015, convicting him of attempted robbery in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (George R. Peck, J.), of the suppression of the defendant's statements to law enforcement officials.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court properly denied suppression of statements he made to law enforcement officials prior to having received Miranda warnings (see Miranda v Arizona, 384 US 436) concerning the location of a gun. Under the circumstances of this case, the officer's question to the defendant was permissible under the public safety exception to the requirement of Miranda warnings (see New York v Quarles, 467 US 649; People v Golden, 147 AD3d 780).
Contrary to the defendant's contention, the Supreme Court did not err in admitting evidence of certain prior bad acts committed by the defendant. The evidence was relevant to establish the defendant's motive for the charged assault, to provide " necessary background information,'" and to place " the charged conduct in context'" (People v Gamble, 18 NY3d 386, 398, quoting People v Dorm, 12 NY3d 16, 19; see People v Jean, 127 AD3d 882, 882; People v Wisdom, 120 AD3d 724, 725-726). Moreover, the court gave a sufficient limiting instruction regarding the use the jury could make of the evidence, which the jury is presumed to have followed (see People v Curran, 139 AD3d 1085, 1087; People v Maitland, 136 AD3d 1058, 1059).
The defendant argues that the evidence supporting his conviction of attempted robbery in the second degree was not legally sufficient and that the verdict of guilt on that count was against the weight of the evidence. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of attempted robbery in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great [*2]deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt of attempted robbery in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., HALL, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court