People v Whitehead (2018 NY Slip Op 04162)





People v Whitehead


2018 NY Slip Op 04162


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND WINSLOW, JJ.


616 KA 16-00777

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES WHITEHEAD, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered October 8, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), arising from his possession of a gun. We reject defendant's contention that County Court erred in refusing to suppress the gun as the fruit of an illegal stop without probable cause. The suppression hearing testimony established that the officers were on regular patrol when they observed a group of individuals, including defendant, congregated on the lawn of an abandoned house, drinking alcoholic beverages. The officers pulled over with the intention of issuing citations to the group for violating the city's open container law but, before they exited their vehicles, two of the officers observed defendant toss a handgun over his shoulder into a vacant lot. At that point, the officers detained defendant and recovered the weapon, which was determined to be a loaded handgun. We conclude that, when the officers observed defendant throw the firearm, they acquired probable cause, justifying the stop, forcible detention, and arrest of defendant (see People v Robinson, 134 AD3d 1538, 1539 [4th Dept 2015]; see generally People v McRay, 51 NY2d 594, 602 [1980]; People v De Bour, 40 NY2d 210, 223 [1976]).
Defendant failed to preserve for our review his contention that the court's supplemental instructions to the jury on the charges of temporary lawful possession and knowing possession were misleading inasmuch as he failed to object to those instructions (see People v Lewis, 150 AD3d 1264, 1265 [2d Dept 2017], lv denied 30 NY3d 951 [2017]; People v Whitfield, 72 AD3d 1610, 1610 [4th Dept 2010], lv denied 15 NY3d 811 [2010]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contention that the evidence is legally insufficient to establish that he possessed a loaded firearm outside of his home or place of business (see Penal Law § 265.03 [3]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The evidence presented at trial established that defendant was arrested on the front lawn of a home that was known to be abandoned and, contrary to defendant's contention, there is no evidence to support the inference that it was his home (see People v Phillips, 109 AD3d 1124, 1124-1125 [4th Dept 2013], lv denied 22 NY3d 1090 [2014]).
We reject defendant's further contention that the verdict is against the weight of the evidence because he had only temporary innocent possession of the weapon. Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that [*2]defendant's conduct in throwing the weapon over his head, rather than turning it over to the police who were right in front of him, was "utterly at odds with [his] claim of innocent possession . . . temporarily and incidentally [resulting] from" another individual having just handed him the weapon (People v Hicks, 110 AD3d 1488, 1488 [4th Dept 2013], lv denied 22 NY3d 1156 [2014] [internal quotation marks omitted]; see People v DeJesus, 118 AD3d 1340, 1341 [4th Dept 2014], lv denied 23 NY3d 1061 [2014]). Thus, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court